STATE OF WEST VIRGINIA

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: B.B., J.B., H.B., and L.M.**

**No. 13-0456** (Calhoun County 12-JA-72 through 12-JA-75)

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Justin White, from the Circuit Court of Calhoun County, which terminated her parental rights to the subject children by order entered on April 4, 2013. The guardian ad litem for the children, Tony Morgan, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order. Petitioner contends that the circuit court erroneously denied her motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the DHHR filed its petition initiating this abuse and neglect case. The petition alleged that the children's parents abused and neglected them through excessive punishment, exposure to domestic violence, and exposure to the use of illicit substances. In January of 2013, the DHHR filed an amended petition, adding allegations that the oldest child, B.B., had been sexually abused multiple times by petitioner's boyfriend, C.M., and that petitioner knew of at least one of these incidents, but failed to protect B.B. During the course of these proceedings, the circuit court held an in-camera hearing with B.B. and subsequently adjudicated both parents as abusive and neglectful to the children. No improvement periods were granted in this case. Following a dispositional hearing, the circuit court entered an order terminating both parents' parental rights, from which Petitioner Mother now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

1

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's sole argument is that the circuit court erred in denying her motion for an improvement period. Petitioner asserts that the circuit court improperly relied on her failure to admit to the abusive and neglectful conditions at home. Petitioner argues that she was unable to fully admit and acknowledge these conditions due to her antisocial personality disorder. Petitioner argues that the circuit court denied her the opportunity to improve her parenting skills in spite of her disorder when it denied her an improvement period. Petitioner further asserts that there was no evidence to support the finding that her disorder would indicate any unwillingness to cooperate in the development of a family case plan.

Upon our review of the record, we find no error or abuse of discretion in the circuit court's decision to deny petitioner's motion for an improvement period. Pursuant to West Virginia Code § 49-6-12, a parent moving for an improvement period bears the burden of proving by clear and convincing evidence that he or she will substantially comply with an improvement period; consequently, the circuit court has the discretion to deny an improvement period if it finds that this burden has not been met. Petitioner fails to meet this burden of proof and instead merely argues that there was no evidence showing that she would not substantially comply with the terms of an improvement period.

Further, West Virginia Code § 49-6-5(a)(7)(A) provides that the DHHR is not required to make reasonable efforts to preserve the family if any of the children in the home have been subjected to torture or sexual abuse. We also bear in mind the following: "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, -- W.Va. --, 743 S.E.2d 352 (2013). The record reflects that the circuit court adjudicated both parents as abusive and neglectful after finding that the children were exposed to emotional abuse and sexual abuse, both of which are circumstances contemplated by West Virginia Code § 49-6-5(a)(7)(A). The circuit court denied petitioner an improvement period not only because she failed to admit to the abusive conditions at home, but also because she failed to show how she could improve those circumstances. In light of the circumstances, we find that the circuit court's decision promotes the children's best interests and is absent of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II